IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VINCENT S. SAMMONS
    *Plaintiff*,

    v.                          Civil Action No. ELH-20-3010

ALAN J. MCCARTHY, *et al.*,
    *Defendants*.

## MEMORANDUM

This Memorandum resolves the motion to intervene filed by George McDermott, who is self-represented. ECF 14 (the "Motion").

Vincent S. Sammons, plaintiff, has filed suit against numerous Cecil County, Maryland government officials, pursuant to 42 U.S.C. §§ 1983 and 1988 and Article 40 of the Maryland Declaration of Rights. In his Amended Complaint (ECF 15), Mr. Sammons alleges that the defendants violated his rights under the First and Fourteenth Amendments to the Constitution when they thwarted his efforts to publicly voice his criticisms of the Cecil County government.

In particular, the defendants are Cecil County, Maryland (the "County") and seven Cecil County officials (collectively, the "Individual Defendants"): Alan J. McCarthy, the County Executive; Alfred C. Wein Jr., the Director of Administration for the County; Jason L. Allison, the County attorney; Jennifer L. Lyall, the County's Public Information Officer; Maggie D. Tome, a United Communications Specialist for the County; Robert Meffley, the President of the County Council; and Brian F. Miller, the Director of Information Technology for the County. ECF 15 at 2-4, ¶¶ 2-9.

McDermott's allegations appear to be directed to litigation in the Maryland courts. ECF 14, ¶¶ 1, 2. He also asserts that he is a news reporter with a duty to report misconduct, waste, and

fraud.  *Id.* ¶¶ 2, 3, 6.

Defendants oppose the Motion.  ECF 17 (the "Opposition").  They argue that the outcome of this case will have no impact on whatever interest Mr. McDermott seeks to protect and the instant proceeding shares no common question of fact or law with those implicated by Mr. McDermott's allegations.  ECF 17 at 6-7.  Plaintiff also opposes intervention.  ECF 39.

Mr. McDermott has replied to the Opposition.  ECF 22.  He has also submitted a flurry of filings to the Court that, generally speaking, appear to reaffirm his desire to intervene in this case.  *See* ECF 18; ECF 21; ECF 23; ECF 25; ECF 27; ECF 30; ECF 31; ECF 32; ECF 34; ECF 44; ECF 45; ECF 46.

Plaintiff and defendants have each filed lines, asking this Court to deny Mr. McDermott's numerous motions and "preclude him from filing further in this case."  ECF 37 (defendants); ECF 39 (plaintiff).  Mr. McDermott opposes the requests.  ECF 40.

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons discussed below, I shall deny the Motion.  I shall also deny Mr. McDermott's other outstanding motions.

## I.      Factual and Procedural Background

In the Amended Complaint, plaintiff alleges that defendants engaged in a series of actions that deprived him of his ability to criticize the County government, in violation of the First and Fourteenth Amendments to the United States Constitution and Article 40 of the Maryland Declaration of Rights.  ECF 15 at 2.

In particular, plaintiff describes three instances when he was denied an avenue to express his dissatisfaction with the County, solely because of defendants' disdain of his viewpoint.  First, he avers that "defendants Lyall, Allison, and/or McCarthy . . . deleted or caused to be deleted

Plaintiff Sammons' posts critical of McCarthy's policies and of McCarthy himself," and "blocked Plaintiff Sammons from making further posts . . . and . . . from interacting with McCarthy and other citizens of Cecil County on the Cecil County Executive Facebook Page."  ECF 15 at 23, ¶¶ 77-78; *id.* at 32-33, ¶¶ 120-21; *see also id.* at 5-10, ¶¶ 13-33.  Second, he contends that during a virtual public budget meeting on May 12, 2020, defendants McCarthy, Wien, Tome, and Meffley "block[ed] Plaintiff's video feed and blocked[ed] Plaintiff Sammons from speaking," thereby effectively denying plaintiff the opportunity "to engage in the public debate and . . . to exercise his freedom of expression . . . ."  *Id.* at 27, ¶ 93; *see id.* at 25, ¶¶ 86-92; *id.* at 36, ¶ 137; *see also id.* at 10-14, ¶¶ 34-43.  And, plaintiff accuses defendants McCarthy, Allison, and Miller of "banning Plaintiff Sammons from communicating with government officials via email."  *Id.* at 31, ¶ 111; *id.* at 39, ¶ 151; *see also id.* at 14-15, ¶¶ 44-49.

For this alleged misconduct, plaintiff seeks compensatory and punitive damages from the Individual Defendants.  *Id.* at 24, 27, 31, 34, 36-37, 40.  He also asks the Court to grant him "reasonable attorney's fees, expert witness fees and other costs as permitted by 42 U.S.C. § 1988."  *Id.*  at 24, 27, 31.

Further, plaintiff seeks to hold the County liable for the actions of the Individual Defendants, "on the theory of *respondeat superior*," pursuant to Article 40 of the Maryland Declaration of Rights.  *Id.* at 33, ¶ 126; *id.* at 36 ¶ 139; *id.* at 40, ¶ 155.  And, plaintiff asks the Court to declare the subset of policies of the "Cecil County Government Communication Plan," *id* at 40, ¶ 157, which were invoked to justify denying plaintiff the opportunity to engage with the Cecil County Facebook Page, unconstitutional on their face.  ECF 15 at 42, ¶ 164.  Litigation in this case is ongoing.

In the Motion, Mr. McDermott marshals several reasons why he should be allowed to intervene in the instant proceeding.  ECF 14.  The allegations are difficult to understand but, in essence, Mr. McDermott seems to argue that granting the Motion would enable him to demonstrate various instances of fraud and abuse perpetuated by judges, court employees, and private attorneys.

Specifically, Mr. McDermott asks the Court to strike an allegedly fraudulent order from the Maryland Court of Special Appeals that, in his view, wrongfully refused to certify a question of law to the Maryland Court of Appeals.  *Id.* at 2, ¶ 2.  Moreover, he seems to imply that the Maryland State courts have denied him access to a copy of the order in that case, in violation of his First Amendment rights.  *Id.* at 5, ¶ 6.

Furthermore, Mr. McDermott contends that he has come to this Court "to report misconduct waste fraud and abuse that he has . . . uncovered," "on behalf of the many . . . victims in Cecil County Maryland who are being disenfranchised" by the named defendants in the instant action.  *Id.* at 4, ¶¶ 2-3.[1]  To that end, Mr. McDermott asserts that he has "personal knowledge of the claims against the named defendants  . . . ." *Id.* at 6, ¶ 7.  But, he does not offer any specifics or explain the basis of his knowledge.

Rather, as the Opposition notes, "[i]t appears that" Mr. McDermott's "frustration with the courts of Cecil County stems from litigation involving the administration of an estate" of an individual named James R. Charles and "involve[es] Charles's daughter, Sherry Eveland."  ECF 17 at 3 (citing ECF 14 at 4-5, ¶¶ 4-5).  Indeed, in the Motion's concluding paragraph, Mr. McDermott alleges that he seeks to remedy the harms suffered by the "citizens of Cecil County," and, in particular, recover an unspecified "families [sic] lifelong inheritance" that was allegedly

---

[1] Plaintiff appears to have numbered two paragraphs in the Motion as "2."

stolen as well as "their properties" that were allegedly "seized under color of law."  ECF 14 at 6, ⁋ 9.

Based on the above allegations, Mr. McDermott asserts that "he is entitled to nominal damages and those compensatory and exemplary damages" as compensation for "defendant corporation [sic] . . . failure to allow reporter's First Amendment right to access public court dockets on behalf of victims . . . ." *Id.* at 6, ⁋ 8.

Since filing the Motion, Mr. McDermott has submitted twelve more motions to the Court. *See* ECF 18; ECF 21; ECF 23; ECF 25; ECF 27; ECF 30; ECF 31; ECF 32; ECF 34; ECF 44; ECF 45; ECF 46.  Characterized broadly, these filings effectively reassert the same allegations that were established in the Motion, ask for the Court to hold a hearing to resolve Mr. McDermott's pending motions, or both.

## II.      Standards of Review

As noted, McDermott has moved to intervene in this case.  Such motions are governed by FED. R. CIV. P. 24.  It provides, in relevant part:

(a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) PERMISSIVE INTERVENTION.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a
common question of law or fact.

* * *

(2) *Delay or Prejudice.* In exercising its discretion, the court must consider
whether the intervention will unduly delay or prejudice the adjudication of
the original parties' rights.

In *Stuart v. Huff*, 706 F.3d 345 (4th Cir. 2013), the Fourth Circuit explained the standard
for intervention of right under Rule 24(a)(2). It said, *id.* at 349-50 (quoting *Teague v. Bakker*, 931
F.2d 259, 260-61 (4th Cir. 1991)):

[A] district court must permit intervention as a matter of right if the movant can
demonstrate "(1) an interest in the subject matter of the action; (2) that the
protection of this interest would be impaired because of the action; and (3) that the
applicant's interest is not adequately represented by existing parties to the
litigation."

In addition to the three factors articulated in *Stuart*, "timeliness is [also] a 'cardinal
consideration' of whether to permit intervention . . . ." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d
838, 839 (4th Cir. 1999) (citation omitted). When assessing the timeliness of
a motion to intervene, the court "is obliged to assess three factors: first, how far the underlying suit
has progressed; second, the prejudice any resulting delay might cause the parties; and third, why
the movant was tardy in filing its motion." *Alt v. U.S. EPA*, 758 F.3d 588, 591 (4th Cir. 2014).
"The determination of timeliness is committed to the sound discretion of the trial court and will
not be disturbed on appeal absent an abuse of that discretion." *Id.*

In order to intervene as of right, a movant's interest in the action must be "'significantly
protectable'" and a movant must "stand to gain or lose by the direct legal operation." *Teague*, 931
F.2d at 261 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). "With respect to the
[adequacy] requirement [of Rule 24(a)(2) ], the Fourth Circuit has indicated that an intervenor's
burden of showing inadequacy of representation is 'minimal.'" *First Penn-Pac. Life Ins. Co. v.*

6

*William R. Evans, Chartered*, 200 F.R.D. 532, 536 (D. Md. 2001) (quoting *Commonwealth of Virginia v. Westinghouse Elec. Corp.,* 542 F.2d 214, 216 (4th Cir. 1976); alterations added).  But, "[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the [movant] must demonstrate adversity of interest, collusion, or nonfeasance." *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (alteration added); *see also Stuart*, 706 F.3d at 350.

When the existing party has a legal obligation to represent the interests of the intervenor, then the intervenor has the "'onerous'" burden of making a "'*compelling showing* of inadequate representation.'"  *See In re Richman,* 104 F.3d 654, 660 (4th Cir. 1997) (quoting *In re Thompson,* 965 F.2d 1136, 1142 (1st Cir. 1992)) (emphasis in *In re Thompson*).  Indeed, "courts now presume that the principal is adequately represented by its surety because they both have the 'same ultimate objective,' *i.e.,* to avoid liability on the payment bond." *Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 30 (D.D.C. 2010).

Even if Rule 24(a)(2) does not mandate intervention, a party may be entitled to permissive intervention under Rule 24(b).  *See Stuart*, 706 F.3d at 349.  The decision to grant or deny permissive intervention "'lies within the sound discretion of the trial court.'"  *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (quoting *Hill v. Western Elec. Co. Inc.*, 672 F.2d 381, 386 (4th Cir. 1982)); *see also McHenry v. C.I.R.*, 677 F.3d 214, 219 (4th Cir. 2012).

In *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386 (D. Md. 2004), then-District Judge Andre Davis distilled, from "the text of Rule 24(b) itself [and] case law interpreting the rule," four conditions with respect to permissive intervention.  They are as follows, *id.* at 387 (citations omitted; first alteration added, second alteration in *Shanghai Meihao Elec., Inc.*):

> (1) that [the intervenor's] motion is "timely"; (2) that its "claim or defense and the main action have a question of law or fact in common" . . . ; (3) that there exists an

independent ground of subject matter jurisdiction; and, (4) that "intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties."

### III.    Discussion

Read generously, Mr. McDermott asks to intervene in the instant proceeding because he seeks to report alleged misconduct committed by the named defendants. *See* ECF 14 at 6, ¶¶ 2-9. However, as support, Mr. McDermott describes what he believes to be rampant corruption on the behalf of "judges, of this circuit, district, and orphans court," and private attorneys throughout Cecil County. *Id.* at 5, ¶ 5. He also claims that the Maryland State courts' purported denial of his access to valid court records, which would uncover this alleged abuse, amounts to a violation of his First Amendment rights. *See id.* at 5-6, ¶¶ 6-8.

The Opposition contends that the Court should deny the Motion because Mr. McDermott has not justified his right to intervene, "either as a matter of right or permissibly." ECF 17 at 6. In their view, "Mr. McDermott does not have a 'significantly protectable interest' in the subject matter underlying Plaintiff's action." *Id.* (quoting *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991)). Consequently, Mr. McDermott cannot intervene as a matter of right, according to the Opposition, because "any outcome in the instance case will have no impact" on Mr. McDermott's ability to "pursue his supposed claims." ECF 17 at 6. Moreover, defendants contend that "[p]ermissive intervention is also inappropriate here," because "[w]hatever Mr. McDermott's claims might be they certainly do not have a question in common with the claims advanced by Mr. Sammons." *Id.* at 7 (citation omitted).

Indeed, in the case *sub judice*, Mr. McDermott has presented no grounds to support his request for intervention. Notably, he has not provided any explanation for why his intervention might be justified under Rule 24, nor can any basis for intervention be gleaned from Mr. McDermott's filings. Mr. McDermott's stated goals, to "report misconduct waste fraud and

8

abuse," ECF 14 at 4, ¶ 3, and to remedy a violation of his First Amendment rights, *id.* at 6, ¶ 8, do not establish a legal stake in the outcome of this case. *See Houston General Ins. Co.*, 193 F.3d at 839. Nor do these objectives suggest that he has a legal interest that "would be impaired because of the action," or how any theoretical legal interest is "not adequately represented by existing parties to the litigation." *Id.*

Notably, the Motion does not share any common question of law or fact with the Amended Complaint, which precludes granting the Motion based on permissive intervention. *Shanghai Meihao Elec., Inc.*, 223 F.R.D. at 387. The Amended Complaint lodges claims against Cecil County officials and describes actions that may have implicated or curtailed plaintiff's free speech rights. *See generally* ECF 15 at 2-4, 5-16, ¶¶ 2-9, 13-49. Mr. McDermott also describes misconduct, purportedly committed by various judges, court employees, and private attorneys, that has little, if anything, to do with plaintiff's allegations. *See* ECF 14 at 2-6, ¶¶ 2-9.

And, to the extent that Mr. McDermott's twelve subsequent filings were submitted with the intention of amending or otherwise supplementing the Motion, the conclusion would not change. Simply put, Mr. McDermott has not pleaded a cognizable claim that shares any common ground with the legal or factual issues implicated by the Amended Complaint.

Accordingly, intervention is inappropriate in this case.

## IV.    Conclusion

For the reasons stated, I shall deny the Motion (ECF 14). Given this outcome, I shall also deny all of Mr. McDermott's additional motions (ECF 18; ECF 21; ECF 23; ECF 25; ECF 27; ECF 30; ECF 31; ECF 32; ECF 34; ECF 44; ECF 45; ECF 46).


An Order follows, consistent with this Memorandum.

Date: October 12, 2021                                   /s/
                                              Ellen L. Hollander
                                              United States District Judge