**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **VINCENT S. SAMMONS,** | |
| *Plaintiff,* | |
| **v.** | **Civil No.: 1:20-cv-03010-JRR** |
| **ALAN J. MCCARTHY,** *et al.*, | |
| *Defendants.* | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is Defendants' Motion to Conform Nominal Damages Award at ECF No. 177 (the "Motion"). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

As the parties' papers ably set forth the relevant factual and procedural background, the court dispenses with setting forth the background here and gets straight to the heart of the matter. At the conclusion of a five-day jury trial, the following claims were submitted to the jury: Count III—42 U.S.C. § 1983—First Amendment (Email Blocking/Retaliation)—against Defendants McCarthy and Allison; Count V—Article 40 (Budget Meeting—Video Disruption)—against Defendants Cecil County, McCarthy, and Wein; and Count VI—Article 40 (Email Blocking/Retaliation)—against Defendants Cecil County, McCarthy, and Allison.

As is typical, prior to instructing the jury on the applicable law and releasing the jury to deliberate, the court worked with counsel for the parties, over several days, to develop proper jury instructions and the verdict sheet.[1] The court's instruction on nominal damages provided:

> If you find, after considering all the evidence presented, that the
> defendant violated the plaintiff's rights or breached a duty owed to

---

[1] The court provided the jury with three sets of written jury instructions for its aid during deliberations in the jury room. Further, after reading the jury instructions to the jury, the court provided each juror with a copy of the verdict sheet to read along while the court explained its content to ensure all jurors understood what was asked of them.

the plaintiff, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.

Sand & Siffert (Vol. 4, 2016), MFJI Civ., § 77-6

The damages section of the verdict sheet began with the following instruction:

You may award either compensatory damages or nominal damages, but not both, for any given injury. Do not award compensatory damages more than once for the same injury. If you find that the same injury resulted from conduct giving rise to both a federal claim and a state claim, award a single compensatory amount for that injury and note it where indicated below.

(ECF No. 173 at p. 3.)  Further, each count listed in the damages section of the verdict sheet included one line for compensatory damages and another for nominal damages, with interlineated parenthetical instructions:

Compensatory Damages (if any—if none, enter $0):

$ _____

Nominal Damages (only if you found a violation but no compensatory harm—enter $1 or another nominal amount, or $0 if not applicable)

$ _____

The jury returned a verdict awarding compensatory damages of $25,000 for Count III (and $0 nominal damages); nominal damages of $100,000 for Count V (and $0 compensatory damages); and nominal damages of $100,000 for Count VI (and $0 compensatory damages). *Id*. at pp. 3-4.[2]

In their Motion, Defendants ask the court to reduce the nominal damages awards to conform with applicable law.  Plaintiff opposes and asks the court to assume the jury intended to award each of its $100,000 nominal damages awards as compensatory damages, and to revise the verdict accordingly.  Specifically, Plaintiff requests that the court infer what the jury "intended" by stitching together possible indicators of jurors' thought processes on the premise that the jury was "confused."

Nothing in the jury instructions or the verdict sheet—read as a whole or with respect to discrete portions on damages—was legally incorrect or objectively confusing; nor did the jury express subjective confusion at any time.  During deliberations, the jury sent two notes inquiring: 1) whether the individual Defendants could make a public apology to Plaintiff; and 2) whether a damages award could include Plaintiff's legal fees and whether Defendants would cover his fees. (ECF No. 172-1.)  The jury did not send a note requesting clarification or expressing confusion as to the instructions on damages or the damages portion of the verdict sheet.

The court declines to engage in Plaintiff's proposed process as violative of the 7th Amendment to the United States Constitution.  Further, the verdict is not legally inconsistent notwithstanding its oversized nominal damages award.  Not only does the verdict not need fixing in the way Plaintiff proposes—it would be improper for the court to do it.  *Okoli v. Mayor and*

---

[2] The jury awarded no punitive damages as to Count V; and awarded $25,000 in punitive damages against Defendant Allison (and $0 as to Defendant McCarthy) as to Count VI.  These awards are not relevant to the Motion.

*City Council of Baltimore*, Case No. WMN-06-3025, 2012 WL 2512779 (D. Md. June 28, 2012), *aff'd,* 582 Fed. App'x 142 (4th Cir. 2014); *Lawless v. Town of Freetown*, Case No. 1:18-cv-110890-IT, 2024 WL 3834885, at *3-4 (D. Mass Aug. 15, 2024); *Campos-Orrego v. Rivera*, 175 F.3d 89, 97 (1st Cir. 1999)(citing *Dimick v. Schiedt*, 293 U.S. 474, 486-87 (1935)).

The court agrees with Defendants that the law requires the court to reduce the nominal damages award to a token sum, and will reduce each of the nominal damages awards to $1. *Brown v. Smith*, 173 Md. App. 459 (2007); *Yacoubou v. Wells Fargo Bank, N.A.*, 901 F.Supp.2d 623, 637–39 (D. Md. 2012).

Accordingly, it is this 24th day of April 2026

**ORDERED** that Defendants' Motion (ECF No. 177) shall be, and is hereby, **GRANTED** as set forth below and is otherwise **DENIED**; and further it is

**ORDERED** that the nominal damages award for Count V shall be, and is hereby, **REDUCED TO $1.00**; and further it is

**ORDERED** that the nominal damages award for Count VI shall be, and is hereby, **REDUCED TO $1.00**.[3]

.

/s/ _____
Julie R. Rubin
United States District Judge

---

[3] Defendants request the court reduce the nominal damages award for Count VI to $0. (ECF No. 177-2.)