**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| VINCENT S. SAMMONS | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:20-cv-03010-JRR |
| CECIL COUNTY, MARYLAND, et al. | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES AWAD</u>**

Defendants Cecil County, Maryland, Alan J. McCarthy, Alfred C. Wein, Jr., and Jason L. Allison, by Karpinski, Cornbrooks & Karp, P.A., Kevin Karpinski, Bently C. Green, Jr., and John Karpinski, their attorneys, respectfully submit this Memorandum of Law in Support of their Motion to Strike Punitive Damages Award, stating as follows:

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises from allegations that Plaintiff Vincent Sammons' First Amendment and Article 40 rights were violated when his video feed was disrupted during a May 12, 2020, virtual budget meeting and when his email access to Cecil County's government email system was temporarily blocked. A jury was empaneled on April 6, 2026. Prior "to instructing the jury on the applicable law and releasing the jury to deliberate, the court worked with counsel for the parties, over several days, to develop proper jury instructions and the verdict sheet." ECF No. 182 at 1. The following claims were ultimately submitted to the jury for consideration:

> Count III, a 42 U.S.C. § 1983 First Amendment claim for email blocking and retaliation against Defendants McCarthy and Allison in their official capacities;

> Count V, an Article 40 claim for video disruption against Cecil County, McCarthy, and Wein; and

Count VI, an Article 40 claim for email blocking and retaliation against Cecil County, McCarthy, and Allison.

ECF No. 173 at 1–2.

The verdict sheet in this case specifically provides that nominal damages may only be awarded "if you found a violation but no compensatory harm" and that "[p]unitive damages may be awarded only under the state law claims (Counts V and VI) if the jury finds actual malice by clear and convincing evidence." ECF No. 173, at 3-4. On Count V, the jury found that Cecil County and Wein violated Article 40, declined to award compensatory damages, and awarded nominal damages. ECF No. 173 at 3; ECF No. 182 at 3–4. On Count VI, the jury found that Cecil County and Mr. Allison violated Article 40, declined to award compensatory damages, awarded nominal damages, and awarded $25,000 in punitive damages against Mr. Allison. ECF No. 173 at 4; ECF No. 182 at 3–4.

For the reasons that follow, the punitive damage award against Mr. Allison must be stricken to conform with applicable law.

## ARGUMENT

**A.    Maryland Substantive Law Governs the Punitive Damages Award on Plaintiff's Article 40 Claim.**

This Court has supplemental jurisdiction over Plaintiff's state law Declaration of Rights claims. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). "Federal courts sitting in diversity or exercising supplemental jurisdiction apply state substantive law and federal procedural law." *Graham v. Interworld Cleaning, Inc.*, Case No. GLR-16-2179, 2017 WL 4227584, at *3 n.2 (D. Md. Mar. 29, 2017) (quoting *Flythe v. Davis*, No. 4:10-CV-00126-BO,

2011 WL 1870229, at *1 (E.D.N.C. May 16, 2011); *see also Zimmerman v. Novartis Pharm. Corp.*, 889 F. Supp. 2d 757, 764 (D. Md. 2012) (state law "gover[ns] compensatory damages and liability . . . .").

When reviewing a punitive damages award on a state law claim, "a district court must 'apply the substantive component of a state's law concerning the excessiveness of a verdict.'" *Nicholson v. Baltimore Police Dep't.*, No. DKC 20-3146, 2024 WL 3424080, at *9 (D. Md. July 16, 2024) (quoting *Steinke v. Beach Bungee, Inc.*, 105 F.3d 192, 197 (4th Cir. 1997)). Accordingly, Maryland substantive law governs whether the punitive damages award on Count VI is legally supported. *Def. Industries, Inc. v. N.W. Mut. Life Ins. Co.*, 938 F.2d 502, 504–05 (4th Cir. 1991).

**B.      Under Maryland Law, a Punitive Damages Award Requires an Underlying Award of Compensatory Damages on the Same Claim.**

Maryland law is unambiguous: a punitive damages award cannot stand without an underlying award of compensatory damages on the same claim. *Shell Oil Co. v. Parker*, 265 Md. 631, 644, 291 A.2d 64, 71 (1972) ("[T]o support an award of punitive damages in Maryland there must first be an award of at least nominal compensatory damages."); *see also Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602, 639, 881 A.2d 1212, 1233–34 (2005) ("Hence, a necessary condition for the recovery of punitive damages is an underlying award of compensatory damages."); *Caldor, Inc. v. Bowden*, 330 Md. 632, 662, 625 A.2d 959, 973 (1993) ("[T]here must be a compensatory damages award foundation for each count of a complaint that provides a basis for punitive damages."); *Rite Aid Corp. v. Lake Shore Investors*, 298 Md. 611, 626, 471 A.2d 735, 743 (1984) ("The first condition for recovery of punitive damages is that there be an award of compensatory damages."). This principle is well-settled and directly forecloses an award of punitive damages on Count VI in this matter. *Shabazz*, 163 Md. App. at 639, 881 A.2d at 1233–

34 (2005); *see Philip Morris Inc. v. Angeletti*, 358 Md. 689, 773, 752 A.2d 200, 246 (2000) ("First, a jury must find compensatory damages as a foundation before it may award punitive damages.").

Courts in this District—applying Maryland law—have recognized the same requirement. *Wolfe v. Columbia Coll., Inc.*, No. CV 20-1246-AAQ, 2025 WL 2443552, at *27 (D. Md. Aug. 25, 2025) ("once the jury found that [plaintiff] 'had sustained "0" in compensatory damages, . . . it could not make an award of punitive damages.'") (quoting *Shabazz*, 881 A.2d at 1236), appeal noted, No. 25-2135 (4th Cir. 2025); *see also Henderson v. Claire's Stores, Inc.*, 607 F. Supp. 2d 725, 732 (D. Md. 2009) (citing *Heinze v. Murphy*, 180 Md. 423, 24 A.2d 917, 921 (1942); (*Shabazz*, 163 Md. App. 602, 881 A.2d at 1234); (*Bouie v. Rugged Wearhouse, Inc.*, 2007 WL 430752 (D. Md. Jan. 31, 2007) (nominal compensatory damages will support punitive damages, but non-compensatory nominal damages awarded only for a technical invasion of rights will not); *Heinze*, 180 Md. at 429, 24 A.2d at 920-21 (quoting 22 Am.Jur. sec. 132, p. 438) ("It is also the established rule that punitive damages 'may not be allowed when no actual damage has been sustained.'"); *In re Promower, Inc.*, 74 B.R. 49, 51 (D. Md. 1987) (quoting *Rite Aid*, 298 Md. at 626) ("[I]t remains abundantly clear in Maryland that the 'first condition for recovery of punitive damages is that there be an award of compensatory damages.'")

Maryland caselaw further specifies that the compensatory damages foundation must exist on the same count as punitive damages are awarded. *Caldor*, 330 Md. at 662, 625 A.2d 959, 973 ("[T]here must be a compensatory damages award foundation for each count of a complaint that provides a basis for punitive damages."); *see also Bowden v. Caldor, Inc.*, 350 Md. 4, 25, 710 A.2d 267, 277 (1998) ("[T]here must be an award of compensatory damages for a particular tort in order for the plaintiff to receive an award of punitive damages based upon that tort.").

In this case, the jury awarded $0 in compensatory damages on Count VI. ECF No. 173 at

4. It opted, instead, to award nominal damages. ECF No. 182 at 3–4. The $25,000 in compensatory damages awarded on Count III, the Section 1983 claim, does not provide a foundation for an award of punitive damages on Count VI, as it was, in all respects other than name, a claim against the County. ECF No. 173 at 3.

**C.      The Nominal Damages Award on Count VI Does Not Support Punitive Damages Because It Is Non-Compensatory.**

Maryland permits nominal damages to support a punitive damages award only in limited circumstances which are not present in this case. *See Shell Oil*, 265 Md. at 644, 291 A.2d at 71; *see also Shabazz*, 163 Md. App. at 639–40, 881 A.2d at 1233–34. Maryland courts have long recognized a distinction between two types of nominal damages: nominal compensatory damages, awarded when actual harm is proven but cannot be calculated with precision, and technical nominal damages, awarded merely to recognize a violation of rights when no actual compensable injury has been proven. *Shabazz*, 163 Md. App. at 639–40, 881 A.2d at 1233–34. Only the former will support an award of punitive damages. *Id*.

In *Shell Oil*, the Supreme Court of Maryland explained that nominal compensatory damages will support punitive damages, but an award of nominal damages made only because "in fact, no compensable injury was proved" will not. 265 Md. at 644, 291 A.2d at 71. Maryland's intermediate appellate Court reaffirmed and explained this distinction in *Shabazz*, reasoning that a nominal damages award will support punitive damages only when "a compensable injury has been proven but it is impossible to calculate the actual loss that has been suffered," but that "an award of nominal damages that is not compensatory, i.e., is made only upon a finding of a 'technical invasion' of the plaintiff's rights, when 'in fact, no compensable injury was proved,' will not support an award of punitive damages." 163 Md. App. at 639–40, 881 A.2d at 1233–34 (quoting *Shell Oil*, 265 Md. at 644, 291 A.2d at 71); *see also Henderson*, 607 F. Supp. 2d at 732.

The nominal damages award on Count VI is, by its very nature, non-compensatory. The verdict sheet in this case provided that nominal damages may only be awarded "if you found a violation **but no compensable harm**." ECF No. 173, at 3 (emphasis added). The Court also properly recognized that the jury's nominal damage was non-compensatory when it reduced the outsized nominal damages award to $1 for Count V and $1 for Count VI. ECF No. 182; *see also Brown v. Smith*, 173 Md. App. 459, 481–83, 920 A.2d 18, 30–31 (2007) (quoting *Cummings v. Connell*, 402 F.3d 936, 945 (9th Cir. 2005) (nominal damages are "recognition of a violation of rights," not compensation for loss); *see also Yacoubou v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 623, 637–39 (D. Md. 2012) (same).

In sum, the nominal damages award on Count VI is of the non-compensatory, technical variety that Maryland law does not permit to serve as the foundation for punitive damages. The $25,000 punitive damages award against Allison on Count VI therefore lacks the required predicate and must be stricken.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court strike the jury's award of $25,000 in punitive damages against Defendant Allison under Count VI, reduce the judgment accordingly, and grant any such other relief as the cause may demand.

Respectfully submitted,

Karpinski, Cornbrooks & Karp, P.A.

By:   /s/ Kevin Karpinski
      Kevin Karpinski, #11849

     /s/ Bently C. Green, Jr.
      Bently C. Green, Jr., #31006

/s/ John Karpinski
John Karpinski, #30706
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
410-727-5000
kevin@bkcklaw.com
bgreen@bkcklaw.com
jkarpinski@bkcklaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May 2026, the foregoing was electronically filed

with notice to:

Ray M. Shepard, Esquire
The Shepard Law Firm
122 Riviera Drive
Pasadena, Maryland 21122
***Attorney for Plaintiff***

/s/ John Karpinski
*Counsel for Defendants*