**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **VINCENT S. SAMMONS,** | |
| *Plaintiff*, | |
| **v.** | **Civil No.: 1:20-cv-03010-JRR** |
| **ALAN J. MCCARTHY,** *et al.*, | |
| *Defendants*. | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is Defendants' Motion to Strike Punitive Damages Award at ECF No. 183 (the "Motion"). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.    <u>BACKGROUND</u>

At the conclusion of a five-day jury trial, the following claims were submitted to the jury: Count III—42 U.S.C. § 1983—First Amendment (Email Blocking/Retaliation)—against Defendants McCarthy and Allison; Count V—Article 40 (Budget Meeting—Video Disruption)— against Defendants Cecil County (the "County"), McCarthy, and Wein; and Count VI—Article 40 (Email Blocking/Retaliation)—against Defendants County, McCarthy, and Allison.

At issue here is the jury's verdict on Count VI (for "Email Blocking/Retaliation" in violation of Article 40 of the Maryland Constitution). The jury found the County and Allison liable for violation of Article 40 for blocking Plaintiff's capacity to email the County, its offices and officials, in retaliation for expression of his political viewpoint. The jury awarded no compensable damages and awarded nominal damages of $100,000 (which the court later reduced to $1.00 by memorandum opinion and order ECF No. 182). The jury also awarded punitive

damages of $25,000 against Allison.[1]

In the Motion, Defendants ask the court to strike the punitive damages award against Allison—arguing that because the jury did not award compensatory damages as to Count VI, the punitive damages award lacks legal footing.  Importantly, as the parties' papers recognize, as to Count III, Plaintiff's federal claim for violation of the First Amendment via 42 U.S.C. § 1983 for Email Blocking/Retaliation against McCarthy and Allison, the jury found in favor of Plaintiff, and awarded $25,000 in compensatory damages (and $0 nominal damages).

Of equal import here, the verdict sheet (which was proposed by Defendants, approved by the court, and submitted to the jury on agreement of the parties, *i.e.*, over no objection) did not instruct the jury regarding apportionment of compensatory damages as between Counts III and VI. Echoing the court's jury instructions on damages (developed with counsel for the parties), the damages section of the verdict sheet began with the following instruction:

> You may award either compensatory damages or nominal damages, but not both, for any given injury. Do not award compensatory damages more than once for the same injury. If you find that the same injury resulted from conduct giving rise to both a federal claim and a state claim, award a single compensatory amount for that injury and note it where indicated below.

The damages section of the verdict sheet as to Count VI (which, of course, followed Count III) instructed the jury as follows:

> **Count VI — Email Blocking / Retaliation**
> Compensatory Damages (if any — if none, enter $0; **Recall, the jury may not award additional compensatory damages for Count VI if you already awarded compensatory damages for the email-blocking claim under Count III above**):
>
> $_____

---

[1] The jury did not award punitive damages on Count VI against McCarthy; on the entry line for punitive damages assessed against McCarthy, the jury entered "$0."

Nominal Damages (only if you found a violation but no compensatory harm — enter $1 or another nominal amount, or $0 if not applicable):

$\underline{\hspace{5cm}}$

The punitive damages section of the verdict sheet read as follows:

**Punitive Damages (Counts V and VI only)**

Punitive damages may be awarded only under the state law claims (Counts V and VI) if the jury finds actual malice by clear and convincing evidence. They may not be awarded on the federal claim (Count III). Complete this section **ONLY** if you found an individual defendant liable under Count V or VI.

**Count V**
Punitive Damages (if any — if none, enter $0):
McCarthy:  $\underline{\hspace{5cm}}$

**Count VI**
Punitive Damages (if any — if none, enter $0):
McCarthy:  $\underline{\hspace{5cm}}$
Allison:  $\underline{\hspace{5cm}}$

## II.    ANALYSIS

As referenced above, Defendants argue that because the jury awarded no compensatory damages for Count VI, the punitive damages assessed against Allison may not stand as a matter of law.  In support of their main argument, Defendants rely chiefly upon *Shell Oil Co. v. Parker*, 265 Md. 631 (1972), *Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602 (2005), and *Caldor, Inc. v. Bowden*, 330 Md. 632 (1993).[2]  The court finds each of these cases materially distinguishable from the instant case.

---

[2] Defendants also cite several District of Maryland opinions relying on these cases for the general principle that punitive damages may not stand absent a corollary compensatory damages award.

Defendants rely upon *Caldor, Inc. v. Bowden* for its succinct holding that "there must be a compensatory damages award foundation for each count of a complaint that provides a basis for punitive damages." 330 Md. at 662. *Caldor* involved an employee suing his former employer and three other employees. The plaintiff asserted five tort claims: false imprisonment, wrongful discharge, malicious prosecution, defamation, and intentional infliction of emotional distress. The jury found in favor of the plaintiff on all five torts; after a separate hearing on punitive damages, the jury awarded the plaintiff punitive damages, but did not allocate the award of punitive damages "attributable to each count." *Id.* at 635. On post-trial motions, the court entered judgment notwithstanding the verdict on two of the five counts, but declined to revise the punitive damages award. On appeal, the Supreme Court of Maryland remanded for a new trial on punitive damages as to the remaining torts of false imprisonment, defamation, and malicious prosecution on which the court had allowed the verdict to stand. In explaining its ruling, the court instructed (as Defendants here quote): "there must be a compensatory damages award foundation for each count of a complaint that provides a basis for punitive damages." *Id*. at 662.

In *Caldor*, the three torts on which the jury's verdict for the plaintiff stood—false imprisonment, defamation, and malicious prosecution—each have different elements and serve to remedy different forms of injury. Indeed, the *Caldor* court recognized the importance of this fact.

> Several of our more recent cases also indicate that there must be an award of compensatory damages for each count which forms the foundation for an award of punitive damages. In fact, we need only refer to *Batson v. Shiflett*, 325 Md. 684, 602 A.2d 1191(1992), which this Court decided last term. In *Batson*, the plaintiff Shiflett sued the defendant Batson under two distinct torts, defamation and intentional infliction of emotional distress. At the close of the trial, the jury awarded Shiflett $610,000 in compensatory damages and a total of $120,000 in punitive damages, but did not apportion the award between the defendants' liabilities for defamation and intentional infliction of emotional distress. On appeal, this Court reversed the judgment for the tort of intentional infliction of

> emotional distress. We then remanded the case to the circuit court to recalculate both punitive and compensatory damages. We held that because the award did not itself apportion the damages between the distinct torts of defamation and intentional infliction of emotional distress, and since it was impossible for us to determine what part of the damages award was attributable to each tort, the damages award had to be vacated and the case remanded for a new trial on both compensatory and punitive damages.

*Id*. at 662-63 (internal citations omitted).

Here, the verdict sheet expressly acknowledges that Counts III and VI pertain to the identical injury—violation of Plaintiff's right to free speech by way of cutting off his capacity to email his County officials and offices.  Specifically, as reflected above, the verdict sheet (proposed by Defendants) directs the jury: "If you find that the same injury resulted from conduct giving rise to both a federal claim and a state claim, award a single compensatory amount for that injury and note it where indicated below."  And, after the jury had entered its verdict as to Count III (awarding $25,000 in compensatory damages), the instructions on Count VI reminded the jury: **"Recall, the jury may not award additional compensatory damages for Count VI if you already awarded compensatory damages for the email-blocking claim under Count III above."**

In view of the foregoing, the court finds that although *Caldor* is of course good law, Defendants overstate the pertinence of its holding here by failing to account for the materially distinct torts and injuries at issue there versus those at issue here—which seek to redress precisely the same injury as acknowledged by the verdict sheet.

In *Shell Oil Co. v. Parker*, the Supreme Court of Maryland explained that a jury award of nominal damages may support an award of punitive damages only where the evidence demonstrates that actual damage was suffered but was not amendable to clear calculation or measurement; but an award of nominal damages to acknowledge a mere technical violation of a plaintiff's rights (in the absence of other compensable injury) will not support punitive damages.

There, the plaintiffs, operators of a service station, sued Shell Oil for erection of a sign which falsely claimed that another service station (selling the defendant's products) was the last service station before a highway; in truth, the plaintiff's service station was the last option for motorists before the highway.  The jury awarded $1.00 in nominal damages and $75,000.00 in punitive damages.  On appeal, the court sided with Shell Oil on the argument that the punitive damages award should be struck because, while the plaintiffs proved a violation of their rights, they had not proved any loss associated with the injury.  265 Md. 631, 637–46 (1972).  Thus, the court differentiated between nominal damages awarded to acknowledge a technical rights violation versus a nominal compensatory damages award—applicable in cases where evidence supports the conclusion that compensable harm was sustained, but the record lacks a basis on which to calculate or measure the loss/harm.  The former will not support punitive damages; the latter will.

*Shell Oil Co.* is inapposite.  Here, as reflected above, Plaintiff offered evidence of actual business losses in the form of media content contracts which he (and another witness) testified he sustained associated with Defendants' conduct.  Further, at Count III, the jury made its voice clearly heard that it was persuaded that Plaintiff in fact sustained measurable losses as a result of the injury to his right to free speech.  The very fact that the jury awarded Plaintiff $25,000 as to Count III for the same injury at issue in Count VI demonstrates beyond cavil that the jury concluded Plaintiff had sustained a compensable loss from the injury addressed at Count VI.

Defendants also argue that "[t]he nominal damages award on Count VI is, by its very nature, non-compensatory" because "the verdict sheet [at Count VI] provided that nominal damages may only be awarded 'if you found a violation but no compensable harm.'"  Defendants' argument here is well-taken, but they omit from their consideration the earlier adjoining instruction at Count VI regarding compensatory damages, which counseled the jury not to award

compensatory damages if it already did so at Count III:

> **Count VI — Email Blocking / Retaliation**
> Compensatory Damages (if any — if none, enter \$0; **Recall, the jury may not award additional compensatory damages for Count VI if you already awarded compensatory damages for the email-blocking claim under Count III above**):
>
> \$_____
>
> Nominal Damages (only if you found a violation but no compensatory harm — enter \$1 or another nominal amount, or \$0 if not applicable):
>
> \$_____

Defendants also assert that the "court recognized that the jury's Count VI nominal damages award was non-compensatory when it reduced the outsized nominal damages award to \$1 for Count V and \$1 for Count VI." Defendants are mixing apples and oranges. Defendants' Motion to Conform Nominal Damages Award (ECF No. 177) and the court's memorandum opinion and order granting same (in part) (ECF No. 182) had nothing whatsoever to do with whether the jury's nominal damages awards were nominal technical damages or nominal compensatory damages (in the vein of *Shell Oil Co.*). Instead, that motion (and the court's ruling) was based on the uncontroversial body of law that an award of nominal damages shall be a token sum; the court also rejected Plaintiff's request that the court speculate that the jury intended the nominal damages awards to be compensatory damage awards. The court made no ruling and engaged in no analysis relevant to the instant Motion. Defendants' effort to conscript the court's analysis and ruling there for their purposes here is unpersuasive.

Finally, in 2005, in *Shabazz v. Bob Evan Farms, Inc.*, the Appellate Court of Maryland echoed *Caldor* and *Shell Oil Co.*, *supra*, to explain its ruling that the plaintiff may not retain the jury's punitive damages award where it awarded zero compensatory damages and the verdict sheet

did not include a nominal damages option.[3] 163 Md. App. 602, 639-42 (2025).  For the reasons explained earlier, nothing about *Shabazz* compels the court to strike the punitive damages award here.

The court also observes, as Plaintiff points out and as mentioned earlier, that there was no apportionment instruction—which is to say the jury was not instructed that it may split up its total compensatory damages award between or among different counts to make Plaintiff whole by a cobbling together of compensatory damages awards.  Assuming without finding that such an instruction would be legally sound, here, the jury was expressly instructed (as proposed by Defendants) that it may not award compensatory damages at Count VI if it did so at Count III. Now, after submitting the case to the jury on the verdict sheet they proposed, which precluded apportionment (and which refers to "injury," not "count"), Defendants want to have it both ways.

Defendants' also try to persuade the court that because the "theories of liability in Count III and Count VI are materially distinct" (*i.e.*, the former is an official capacity claim based on *Monell* liability; the latter involves no individual/official capacity distinction), the award of punitive damages against Allison in Count VI cannot stand.  This is not compelling for the reasons set forth above.  Defendants' own verdict sheet proposal (which the court and Plaintiff adopted) concedes the point that while the liability theories underlying Counts III and VI are different, the injury to Plaintiff is identical: Email Blocking/Retaliation in violation of free speech.  Therefore, the jury was instructed not to enrich Plaintiff by awarding compensable damages twice.

Further, in making this argument, Defendants conflate liability theory with injury and conduct.  As to Counts III and IV, the jury was persuaded that Plaintiff's capacity to email the County and its officials was cut off in retaliation for expression of his political viewpoint.  At count

---

[3] The jury was also not instructed on nominal damages as they were here.

III, the jury concluded Plaintiff demonstrated harm to the tune of $25,000 as a result of such unlawful conduct; and awarded none at Count VI, in compliance with the court's instructions that "the jury may not award additional compensatory damages for Count VI if you already awarded compensatory damages for the email-blocking claim under Count III above."

Against the backdrop of the jury's verdict sheet as a whole, the better reasoning is that the jury followed the court's instruction not to double dip on compensatory damages for the injury at Count VI because it already compensated Plaintiff for his compensable injury by its award of $25,000.00 damages on Count III.

## III.    CONCLUSION

For the reasons set forth above, it is this 19th day of May 2026 **ORDERED** that Defendants' Motion (ECF No. 183) shall be, and is hereby, **DENIED**.

.

/s/
Julie R. Rubin
United States District Judge